Filed 5/13/14  P. v. Demanuel CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B250347 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA055428) |
| v. | |
| ENRIQUE DEMANUEL, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

David M. Thompson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Based on allegations Enrique Demanuel had sexually assaulted his girlfriend's daughters for approximately two years, Demanuel was arrested and charged in an information with having committed two counts of lewd acts upon a child under the age of 14 years (Pen. Code, § 288, subd. (a)).[1] The information also alleged multiple victims, qualifying him for sentencing under section, 667.61, subdivisions (b) and (e). Demanuel pleaded not guilty.

Before trial, Demanuel made a motion to replace his appointed counsel (*People v. Marsden* (1970) 2 Cal.3d 118), which the trial court heard and denied. A jury convicted Demanuel as charged and found true the multiple victim allegation. The court sentenced Demanuel to two consecutive indeterminate terms of 15 years to life in state prison.[2] The court ordered Demanuel to pay on each count a $40 court security fee and a $30 criminal conviction assessment and to register as a sex offender. The court imposed a $10,000 restitution fine and a $500 sex offender fine and imposed and suspended a parole revocation fine pursuant to section 1202.45. Demanuel was awarded a total of 428 days of presentence custody credit.

We appointed counsel to represent Demanuel on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On January 8, 2014, we advised Demanuel he had 30 days in which to personally submit any contentions or issues he wished us to consider. We have received no response to date.

We have examined the record and are satisfied Demanuel's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

---

[1]     Statutory references are to the Penal Code.

[2]     On the People's motion prior to sentencing, the trial court dismissed special allegations, arising from convictions in the state of Virginia, that Demanuel had suffered one prior serious violent felony conviction pursuant to section 667, subdivision (a)(1) and two prior serious or violent felony convictions within the meaning of the three strikes law (§§ 667, subds. (b)-(i); 1170.12, subds. (a)-(d)) and had served one separate prison term for a felony. (§ 667.5, subd. (b)).

**DISPOSITION**

The judgment is affirmed.


ZELON, J.


We concur:


PERLUSS, P. J.


SEGAL, J.*

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.